Argued November 26, 1958, affirmed without costs January 7, 1959

PEPIN *v.* PEPIN, Administrator et al

333 P. 2d 905

*W. C. Winslow,* Salem, argued the cause for appellants. With him on the briefs were Norman K. Winslow, Salem, and W. H. Waterbury, Yachats.

*Mark Weatherford* argued the cause for respondent. On the brief were Weatherford & Thompson, Albany.

Before Perry*, Chief Justice, and Lusk, Warner and Sloan, Justices.

* Chief Justice when case was argued.

PER CURIAM.

This is a suit seeking specific performance of an alleged oral contract to devise real property in consideration of personal and other services performed by the promisee plaintiff to the promisor, plaintiff's mother, Flora Pepin. The defendants are the administrator of the estate of Flora Pepin and other heirs of the deceased.

Plaintiff alleges that prior to May 20, 1943, he and his then wife resided in Shevlin, Deschutes County, Oregon; that at that time his mother was 79 years of age; that she was operating a small grocery store at Chitwood, Oregon, and lived alone in the same building which housed the store; that at her request he abandoned his home and source of employment in Shevlin and moved to the building occupied by his mother; that this was in consideration of an oral contract whereby she agreed to convey to him by proper instrument effective upon her death the real property described in the complaint and that he in turn should provide her care and comfort for the remainder of her life and assist her in the operation of the store; that he has fully performed the contract on his part until the death of Flora Pepin in 1948. The existence of such an agreement is denied by the defendants. The trial court found for the plaintiff and entered a decree directing the defendants to execute the necessary instruments. Defendants appeal.

■ The rules of law which govern the determination of this type of case are well settled. Such cases as *Tiggelbeck v. Russell,* 187 Or 554, 213 P2d 156, and the cases extensively reviewed in that opinion fully settle the legal questions presented by this case. Nothing could be added to the opinion in that case nor to the other cases there cited. Instead we are called

upon to weigh the evidence and endeavor to test and decide the credibility of the witnesses and exhibits. This we have done to the fullest extent possible from the examination of a written record. We have concluded that the evidence sustains the heavy burden assumed by the plaintiff to establish a case of this character, and the decree of the trail court should be affirmed.

■ By disposing of the case in this manner we do not wish to minimize the importance of the case to the respective parties nor to indicate any lack of thorough consideration of every issue presented by able and diligent counsel. The burden of this court and the demands of all litigants now seeking its attention compel us to avoid the lengthy analysis of detailed facts necessary to discuss properly the contents of the lengthy transcript. See opinion of Chief Justice McBRIDE on petition for rehearing in *Schmid v. Thorsen*, 89 Or 575, 585, 170 P 930, 175 P 74. We have given the same attention to the determination of this case as would be evidenced by an opinion of many pages. We do conclude, therefore, that the decree should be affirmed without costs to either party.